FILED

2026 MAY 29 P 2:40

CLERK OF COURTS
CUYAHOGA COUNTY

# IN THE COURT OF COMMON PLEAS

# CUYAHOGA COUNTY, OHIO

Andre; Hendrix
% 1738 noble rd
Cleveland ohio 44112

Plaintiff

CASE NO.________________

Complaint
BRENDAN J SHEEHAN
CV 26 139692

vs.

Judge: ____________________

EQUIFAX INC.
P O BOX 105139
ATLANTA GEORGIA 30348-5139

Defendant

COMPLAINT

**JURY TRIAL DEMAND Yes**

1.Jurisdiction and Venue This court has jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. - Venue is proper in this district as the events giving rise to this claim occurred here. Factual Background

2. Identity Theft: Andre Hendrix discovered fraudulent accounts reported by Nelnet (Department of Education). Dispute Filed: Andre disputed the accounts with TransUnion, providing evidence of identity theft and requesting a proper investigation.

3. Inadequate Response:EQUIFAX INC. failed to conduct a thorough investigation as required under 15 U.S.C. § 16811. Despite providing evidence, the disputed accounts remained on the credit report without proper resolution.

4. Legal Claims Violation of *FCRA*: -15 U.S.C. § 1681i: EQUIFAX INC. failed to conduct a reasonable investigation *into* the disputed accounts.

5. SImproper Re-reporting: Creditors re-reported the accounts without adhering to proper legal guidelines, further violating the FCRA.

6. Damages - *how* was the night business loans and home property loans because of my credit score? This
was incurred as a result of EQUIFAX INC. actions:
7. Emotional distress - Damage to credit score - Difficulty obtaining credit or loans The devotional, stress of
trying to communicate with EQUIFAX INC.and sending the mail spending money every transaction

8. Prayer for Relief- Request *for* compensatory of 10,000.00 and $1000 per in fraction on my credit report

CV26139692 214388191

Under Nelnet punitive damages For $50,000 for loss of income that would've been made from loans and property I tried to buy

9. Request for an injunction requiring EQUIFAX INC.to correct the inaccuracies on the credit report. Also an injunction to requireEQUIFAX INC. to not let any company add things to my credit report without my consent

UCC 1308 without prejudice
[Your Signature]

without prejudice
Andre; Hendrix Uce 1308 without prejudice

Andrei Hendrix UCC 1308
[Your name printed]

C/o 1737 Noble rd

Cleveland OHio 44112

adh093@gmail.com

216-214-6599
[Your address, e-mail, & phone number]

COMMON PLEAS COURT ★ CUYAHOGA COUNTY ★ OHIO

Common Pleas Court of Cuyahoga County, Ohio

FILED

**DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE**

2026 MAY 29 P 2: 40

CLERK OF COURTS
CUYAHOGA COUNTY

Andre; Hendrix
Plaintiff
Vs.
Equifax inc.
Defendant

Case Number: ______________

Judge: BRENDAN J SHEEHAN

CV 26 139692

Has this case been previously filed and dismissed? Yes ☐ No ☒
Case #: ______________ Judge: ______________
Is this case related to any new cases now pending or previously filed? Yes ☐ No ☒
Case #: ______________ Judge: ______________

**CIVIL CLASSIFICATIONS**: ***Place an (X) In ONE Classification Only.***

**Professional Torts:**
- ☐ 1311 Medical Malpractice
- ☐ 1315 Dental Malpractice
- ☐ 1316 Optometric Malpractice
- ☐ 1317 Chiropractic Malpractice
- ☐ 1312 Legal Malpractice
- ☐ 1313 Other Malpractice

**Product Liability:**
- ☐ 1330 Product Liability

**Other Torts:**
- ☐ 1310 Motor Vehicle Accident
- ☐ 1314 Consumer Action
- ☐ 1350 Misc. Tort

**Workers Compensation:**
- ☐ 1550 Workers Compensation
- ☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
- ☐ Utilize Separate Foreclosure Designation Form

**Commercial Docket:**
- ☐ 1386 Commercial Docket
- ☐ 1387 Commercial Docket with Foreclosure

**Administrative Appeals:**
- ☐ 1540 Employment Services
- ☐ 1551 Other

**Other Civil:**
- ☐ 1500 Replevin/Attachment
- ☐ 1382 Business Contract
- ☐ 1384 Real Estate Contract
- ☒ 1388 Consumer Debt
- ☐ 1390 Cognovit
- ☐ 1391 Other Contracts
- ☐ 1490 Foreign Judgment
- ☐ 1491 Stalking Civil Protection Order
- ☐ 1501 Misc. Other
- ☐ 1502 Petition to Contest Adam Walsh Act
- ☐ 1503 Certificate of Qualification for Employment

**Amount of Controversy:**
- ☐ None Stated
- ☐ Less than $25,000
- ☐ Prayer Amount ______________

**Parties have previously attempted one of the following prior to filing:**
- ☐ Arbitration
- ☐ Early Neutral Evaluation
- ☐ Mediation
- ☐ None

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, expect as noted above.*

Andre; Hendrix UCC 1-308
*Firm Name (Print or type)*

c/o 1738 Noble rd
*Address*

Cleveland Ohio 44112
*Address*

216-214-6599
*Phone*

______________
*Attorney of Record (Print or Type)*

______________
*Supreme Court #*

______________
*Email Address*

[signature] UCC 1308 without prejudice
*Signature*

# CIVIL FEE WAIVER AFFIDAVIT AND ORDER

FILED

2026 MAY 29 P 2: 41

CLERK OF COURTS
CUYAHOGA COUNTY

IN The Court of Common Pleas
Cuyahoga County, Ohio

CV26139692
214383507

| | |
|---|---|
| Andre, Hendrix<br>Plaintiff,<br><br>vs.<br><br>Equifax INC.<br>Defendant. | CASE NO.<br><br>JUDGE Judge: BRENDAN J SHEEHAN<br>CV 26 139692<br><br>**FINANCIAL DISCLOSURE / FEE-WAIVER AFFIDAVIT AND ORDER** |

Pursuant to R.C. 2323.311, the below-named Applicant requests that the Court determine that the Applicant is an indigent litigant and be granted a waiver of the prepayment of costs or fees in the above captioned matter. The Applicant submits the following information in support of said request.

**Personal Information**

| | |
|---|---|
| Applicant's First Name: Andre' | Applicant's Last Name: Hendrix |
| Applicant's Date of Birth: [redacted] 1973 | Last 4 Digits of Applicant's SSN: [redacted] |
| Applicant's Address: C/o 1738 Noble Rd East Cleveland Ohio 44112 | |

**Other Persons Living in Your Household**

| First Name | Last Name | Is this person a child under 18? | Relationship (Spouse or Child) |
|---|---|---|---|
| | | ☐ Yes ☐ No | |
| | | ☐ Yes ☐ No | |
| | | ☐ Yes ☐ No | |

**Public Benefits**

I receive the following public benefits and my gross income, including the cash benefits marked below, does not exceed **187.5%** of the federal poverty guidelines.

Place an "X" next to any benefits you receive.

Ohio Works First[1]: ☐ SSI[2]: ☐ Medicaid[3]: ☐ Veterans Pension Benefit[4]: ☐ SNAP / Food Stamps[5]: ☐

**Monthly Income**

I am **NOT** able to access my spouse's income ☐

| | Applicant | Spouse (If Living in Household) | Total Monthly Income |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Gross Monthly Employment Income, including Self-Employment Income (Before Taxes) | $ 500 | $ | $ 500 |
| Unemployment, Worker's Compensation, Spousal Support (If Receiving) | $ 0 | $ | $ |
| | | TOTAL MONTHLY INCOME | $ 500 |

**Liquid Assets**

| Type of Asset | Estimated Value |
|---|---|
| Cash on Hand | $ 40 |
| Available Cash in Checking, Savings, Money Market Accounts | $ -0- |
| Stocks, Bonds, CDs | $ -0- |
| Other Liquid Assets | $ -0- |
| **Total Liquid Assets** | $ 40 |

**Monthly Expenses**

| Column A | | Column B | |
|---|---|---|---|
| **Type of Expense** | **Amount** | **Type of Expense** | **Amount** |
| Rent / Mortgage / Property Tax / Insurance | $ 264 | Insurance (Medical, Dental, Auto, etc.) | $ 0 |
| Food / Paper Products/Cleaning Products/Toiletries | $ 100 | Child or Spousal Support that You Pay | $ 0 |
| Utilities (Heat, Gas, Electric, Water / Sewer, Trash) | $ -0- | Medical / Dental Expenses or Associated Costs of Caring for a Sick or Disabled Family Member | $ 0 |
| Transportation / Gas | $ -0- | Credit Card, Other Loans | $ 0 |
| Phone | $ 100 | Taxes Withheld or Owed | $ 0 |
| Child Care | $ -0- | Other (e.g. garnishments) | $ 0 |
| **Total Column A Expenses** | $ 464 | **Total Column B Expenses** | $ 0 |
| **TOTAL MONTHLY EXPENSES** (Column A + Column B) | | | 464 |

I, Andre; Hendrix (Print Name), hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge and that I am unable to prepay the costs or fees in this case.

Signature

**NOTARY PUBLIC:**

Sworn to before me and signed in my presence this 29 day of May, 20 26, in Cuyahoga County, Ohio.

NOELLE KING, NOTARY PUBLIC
COMM. EXP. 10/13/2030
STATE OF OHIO

Notary Public (Signature)

Noelle King

Notary Public (Printed)

My Commission expires: 10-13-2030

If available, an individual duly authorized to administer this oath at the Clerk of Court's Office will do so at no cost to the Applicant.

**ORDER**

☐ Upon the request of the Applicant and the Court's review, the Court finds that the Applicant IS an indigent litigant and **GRANTS** a waiver of the prepayment of costs or fees in this matter. Pursuant to R.C. 2323.311(B)(3), upon the filing of a civil action or proceeding and the affidavit of indigency under division (B)(1) of this section, the clerk of the court shall accept the action, motion, or proceeding for filing.

☐ Upon the request of the Applicant and the Court's review, the Court finds that the Applicant is NOT an indigent litigant and **DENIES** a waiver of the prepayment of costs or fees in this matter. Applicant is granted thirty (30) days from the issuance of this Order to make the required advance deposit or security. Failure to do so within the time allotted may result in dismissal of the applicant's filing.

**IT IS SO ORDERED**

______________________________ ______________________

Judge / Magistrate Date

[Effective: April 15, 2020.]

# APPENDIX

## 2020 FEDERAL POVERTY LIMIT (FPL)

| Persons in family/household | 100% Poverty | 100% Poverty Monthly Gross Income | 187.5% Poverty | 187.5% Poverty Monthly Gross Income |
|---|---|---|---|---|
| 1 | $12,760 | $1,063.33 | $23,925 | **$1,993.74** |
| 2 | $17,240 | $1,436.67 | $32,325 | **$2,693.75** |
| 3 | $21,720 | $1,810 | $40,725 | **$3,393.75** |
| 4 | $26,200 | $2,183.33 | $49,125 | **$4,093.75** |
| 5 | $30,680 | $2,556.67 | $57,525 | **$4,793.75** |
| 6 | $35,160 | $2,930 | $65,925 | **$5,493.75** |
| 7 | $39,640 | $3,303.33 | $74,325 | **$6,193.75** |
| 8 | $44,120 | $3,676.67 | $82,725 | **$6,893.75** |

R.C. 2323.311(B)

(4) A judge or magistrate of the court shall review the affidavit of indigency as filed pursuant to division (B)(2) of this section and shall approve or deny the applicant's application to qualify as an indigent litigant. The judge or magistrate shall approve the application if the applicant's gross income does not exceed one hundred eighty-seven and five-tenths per cent of the federal poverty guidelines as determined by the United States department of health and human services for the state of Ohio and the applicant's monthly expenses are equal to or in excess of the applicant's liquid assets as specified in division (C)(2) of section 120-1-03 of the Administrative Code, as amended, or a substantially similar provision. If the application is approved, the clerk shall waive the advance deposit or security and the court shall proceed with the civil action or proceeding. If the application is denied, the clerk shall retain the filing of the action or proceeding, and the court shall issue an order granting the applicant whose application is denied thirty days to make the required advance deposit or security, prior to any dismissal or other action on the filing of the civil action or proceeding.

(6) Nothing in this section shall prevent a court from approving or affirming an application to qualify as an indigent litigant for an applicant whose gross income exceeds one hundred eighty-seven and five-tenths per cent of the federal poverty guidelines as determined by the United States department of health and human services for the state of Ohio, or whose liquid assets equal or exceed the applicant's monthly expenses as specified in division (C)(2) of section 120-1-03 of the Administrative Code, as amended, or a substantially similar provision.

---

[1]Ohio Works First Income Limit: 50% FPL (R.C. 5107.10(D)(1)(a))
[2]SSI Income Limit: cannot have countable income that exceeds the Federal Benefit Rate (FBR). 2019 FBR: $771 monthly for single disabled individual; $1157 monthly for disabled couple (20 CFR 416.1100)
[3]Medicaid Income Limit:
Modified Adjusted Gross Income (MAGI):138% FPL (OAC 5160:1-4-01; 42 USC 1396a(a)(10)(A)(i)(VIII))
Aged, Blind or Disabled: $791 for single person; $1177 for disabled couple
[4]Veterans Pension Benefit Income Limit: $13,535 annually / $1,127 monthly for a single person; $17,724 annually / $1,477 monthly for a veteran with one dependent
[5]Supplemental Nutrition Assistance Program (SNAP) Income Limit: 130% FPL for assistance groups with nondisabled/nonelderly member; 165% FPL for elderly and disabled assistance groups (OAC 5101:4-4-11; Food Assistance Change Transmittal No. 61)

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

ANDRE HENDRIX
**Plaintiff**

**V.**

EQUIFAX INC
**Defendant**

**CASE NO.** CV26139692

**JUDGE** BRENDAN J SHEEHAN

## SUMMONS

SUMC CM

**Notice ID:** 60780816

From: ANDREI HENDRIX P1
1738 NOBLE RD.
CLEVELAND OH 44112-0000

Atty.: ANDREI HENDRIX
1738 NOBLE RD.
CLEVELAND, OH 44112-0000

To: EQUIFAX INC. D1
PO BOX 105139
ATLANTA GA 30348-0000

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.

COMMON PLEAS COURT CUYAHOGA COUNTY OHIO

**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 05/29/2026

**By** Darnell Atwater
**Deputy**

CMSN130

UNITED STATES POSTAL SERVICE

Date Produced: 06/09/2026

The following is the delivery information for Certified Mail™/RRE item number 9214 8903 0179 8213 6486 27. Our records indicate that this item was delivered on 06/08/2026 at 11:09 a.m. in ATLANTA, GA 30348. The scanned image of the recipient information is provided below.

Signature of Recipient :




Address of Recipient :




Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: C18766.1312900

CV26139692 / 60780816 / EQUIFAX INC. / 2026-6-10 06:08 Sent To: PO BOX 105139 ATLANTA, GA 303480000

215852225

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

CMC BY PHONE SET FOR 07/30/2026 AT 11:00 AM
CASE MANAGEMENT CONFERENCE (CMC) WILL BE CONDUCTED BY TELEPHONE WITH THE COURT'S STAFF ATTORNEY.

PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL WITH ALL OTHER PARTIES AND CONTACT THE COURT'S STAFF ATTORNEY, JAYNE JAKUBAITIS (216-443-8611) PROMPTLY AT THE APPOINTED TIME. PARTIES SHALL HAVE THEIR CALENDARS AVAILABLE AND BE PREPARED TO DISCUSS SERVICE ISSUES, DISCOVERY PROGRESS, SCHEDULING MATTERS, AND ALTERNATIVE DISPUTE RESOLUTION OPTIONS.

THE PARTIES SHOULD NOT WAIT FOR THE CMC BEFORE BEGINNING TO CONDUCT DISCOVERY.

ANY PARTY WHO FAILS TO PARTICIPATE IN THE CMC WILL BE DEEMED TO HAVE ACCEPTED THE SCHEDULING ORDER ESTABLISHED BY THE COURT.

PARTIES MAY REQUEST THAT THE CASE MANAGEMENT CONFERENCE BE HELD IN PERSON WITH THE COURT BY FILING A MOTION AT LEAST SEVEN DAYS PRIOR TO THE SCHEDULED CASE MANAGEMENT CONFERENCE.

Judge Signature 06/24/2026

06/23/2026

RECEIVED FOR FILING
06/24/2026 12:10:39
NAILAH K. BYRD, CLERK

216189679

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

UPON THE REQUEST OF THE APPLICANT AND THE COURT'S REVIEW, THE COURT FINDS THAT THE APPLICANT IS AN INDIGENT LITIGANT UNDER R.C. 2323.311. IN ACCORDANCE AND FOR GOOD CAUSE, THE COURT HEREBY GRANTS A WAIVER OF PRE-PAYMENT OF COSTS OR FEES IN THIS MATTER. PURSUANT TO R.C. 2323.311(B)(4), THE CLERK IS HEREBY ORDERED TO WAIVE THE ADVANCE DEPOSIT OR SECURITY.

THIS RULING APPLIES ONLY TO -PREPAYMENT- OF COSTS OR FEES. PLAINTIFF MAY BE ASSESSED COSTS OR FEES AT THE CONCLUSION OF THE CASE DEPENDING ON THE CASE'S RESOLUTION.

Judge Signature 06/30/2026

06/29/2026

RECEIVED FOR FILING
06/30/2026 14:03:10
NAILAH K. BYRD, CLERK

218159139

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

CMC BY PHONE HELD ON 07/30/2026. DEFENDANT HAS NOT YET APPEARED.
DEFAULT HEARING SET FOR 08/25/2026 AT 08:15 AM.
DEFENDANT TO APPEAR BY PHONE BY CALLING THE COURT'S BAILIFF AT 216.443.8685. PLAINTIFF WILL BE CONTACTED UPON DEFENDANT'S APPEARANCE.

Judge Signature 07/30/2026

07/30/2026

RECEIVED FOR FILING
07/30/2026 13:54:40
NAILAH K. BYRD, CLERK

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

FILED
2026 AUG 25 P 12: 06
CLERK OF COURTS
CUYAHOGA COUNTY

ANDRE HENDRIX
Plaintiff,
V.

Case No.: CV 26 139692

EQUIFAX INC.
Defendant

Judge: Brendan J. Sheehan

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Now comes Plaintiff. Andre Hendrix appearing pro se and respectfully moves this Honorable Court for entry of default judgment against Defendant, Equifax Inc., for failure to plead, answer, or otherwise defend this action within the time required by law. Under Ohio Civil Rule 55, a default judgment may be entered when a party fails to appear or defend, and the Court may conduct a hearing to determine damages or any other matter necessary to enter judgment. [law.cornell +1]

In support of this Motion Plaintiff states as follows:

1. Plaintiff filed the Complaint in this action alleging violations of the Fair Credit Reporting Act and seeking relief for damages caused by Defendant's conduct.
2. Defendant was properly served with the Summons and Complaint.
3. More than the required time has passed, and Defendant has failed to file an answer, motion, or other response, and has otherwise failed to defend this action
4. Defendant is not an infant, incompetent person, or otherwise legally protected from default judgment.
5. Defendant's failure to respond constitutes a default under Ohio Civil Rule 55 and entitles Plaintiff to judgment on liability as a matter of law.[supremecourt.ohio +1]
6. Plaintiff requests that the Court enter default judgment in Plaintiff's favor and award all relief available under the law, including compensatory damages, statutory damages where authorized, punitive damages where legally available, costs, and any other relief the Court deems just and proper under the Fair Credit Reporting Act. The FCRA authorizes recovery of actual damages, statutory damages of $100 to $1,000 for willful violations punitive damages, costs, and reasonable attorney's fees in appropriate cases. [law.cornell +1] Request for Relief

WHEREFORE Plaintiff respectfully requests that this Court: Defendant's failure to answer has delayed resolution of serious credit reporting harms, caused ongoing financial
injury and emotional distress, and has forced Plaintiff to continue suffering harm that could have been resolved earlier Plaintiff respectfully requests that the Court enter

CV26139692 219900653

judgment by default and award the full measure of relief supported by the evidence and allowed by law, including actual damages, statutory damages, punitive damages where available, costs, and any equitable relief necessary to correct the wrongful reporting and prevent further harm.[govinfo +1]

A. Enter default against Defendant, Equifax Inc.;

B. Enter default judgment in favor of Plaintiff on all well-pleaded claims;

C. Set this matter for a damages hearing if the Court determines further proof is required;

D. Award compensatory damages in an amount to be proven by evidence;

E. Award statutory damages and punitive damages to the fullest extent allowed by law;

F. Award costs of this action; and

G. Grant such other and further relief as the Court deems just and proper.[law.cornell +2] Respectfully submitted,

UCC1308 without prejudice

Andre Hendrix, Plaintiff Pro Se
1738 Noble Rd
Cleveland, Ohio 44112
Phone: 216-214-6599
Email: adh093@gmail.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Motion for Default Judgment was served on Defendant, Equifax Inc., by [U.S. Mail / certified mail / other method used]
addressed as follows:

Equifax Inc.
P.O. Box 105069
Atlanta, Georgia 30348-5139

This 25 day of Aug, 2026.

Andre Hendrix, Plaintiff Pro Se

**AFFIDAVIT OF ANDRE HENDRIX IN SUPPORT OF DEFAULT JUDGMENT**

**State of Ohio)**

I, Andre Hendrix, being first duly sworn, state as follows

1. I am the Plaintiff in this action and have personal knowledge of the facts stated in this Affidavit.

2. On or about June 03rd, 2026 Defendant Equifax Inc. was served with the Summons and Complaint in this matter.

3. More than twenty eight days have passed since service and Defendant has failed to file an Answer, motion, or other response and has failed to otherwise defend this action. 4. To my knowledge, Defendant has not appeared through counsel, has not sought an extension of time and has not filed any responsive pleading.

5. Defendant is not an infant or incompetent person.

6. Because Defendant has failed to plead or otherwise defend I request that the Court enter default judgment against Defendant pursuant to Ohio Civil Rule 55.

7. I further request that the Court award the relief requested in my Complaint, including compensatory damages, statutory damages where available, punitive damages where permitted by law, costs, and any other relief the Court deems proper.[supremecourt.ohio +2]

FURTHER AFFIANT SAYETH NAUGHT.

[signature] with out prejudice

Andre Hendrix
c/o 1738 Noble Rd, Cleveland, Ohio 44112
216-214-6599 | Adh093@gmail.com

Sworn to and subscribed before me this 20th day of August, 2026.

[signature]

Notary Public

My Commission Expires: 04/14/2029

NOTARIAL SEAL
STATE OF OHIO

AUTUMN CHISHOLM
Notary Public, State of Ohio
My Commission Expires:
April 14th, 2029

219878536

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

CASE CALLED FOR DEFAULT HEARING. NO PROPERLY SUPPORTED AND FILED DEFAULT MOTION APPEARS ON THE DOCKET. PLAINTIFF GRANTED UNTIL 9/04/2026 TO FILE DEFAULT MOTION.
DEFAULT HEARING SET FOR 09/23/2026 AT 08:15 AM.
DEFENDANT TO APPEAR BY PHONE BY CALLING THE COURT'S BAILIFF AT 216.443.8685. PLAINTIFF WILL BE CONTACTED UPON DEFENDANT'S APPEARANCE.

Judge Signature 08/25/2026

08/25/2026

RECEIVED FOR FILING
08/25/2026 12:59:58
NAILAH K. BYRD, CLERK

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**NOTICE OF APPEARANCE**
**September 8, 2026 14:40**

By: DAVID A. WALLACE 0031356

Confirmation Nbr. 3971677

ANDRE HENDRIX — CV 26 139692

vs.

EQUIFAX INC — **Judge:** BRENDAN J. SHEEHAN

**Pages Filed:** 2

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| ANDRE HENDRIX, | : | |
| | : | |
| Plaintiff, | : | CASE NO. CV-26-139692 |
| vs. | : | |
| | : | JUDGE BRENDAN J. SHEEHAN |
| EQUIFAX INC., | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF APPEARANCE OF COUNSEL

PLEASE TAKE NOTICE that David A. Wallace and Tyler K. Ibom of the law firm of Carpenter Lipps LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215, respectfully enter their appearance as counsel for Defendant Equifax, Inc.

Respectfully submitted,

/s/ David A. Wallace

David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendant
Equifax, Inc.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served by First Class, U.S. Mail, on September 8, 2026, upon:

Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112

/s/ David A. Wallace
One of the Attorneys for Defendant
Equifax, Inc.

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**GENERAL PLEADING**
**September 8, 2026 14:42**

By: DAVID A. WALLACE 0031356

Confirmation Nbr. 3971687

ANDRE HENDRIX

vs.

EQUIFAX INC

CV 26 139692

**Judge:** BRENDAN J. SHEEHAN

**Pages Filed:** 10

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| ANDRE HENDRIX, | : | |
| | : | |
| Plaintiff, | : | CASE NO. CV-26-139692 |
| vs. | : | |
| | : | JUDGE BRENDAN J. SHEEHAN |
| EQUIFAX INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN OPPOSITION TO**
**<u>PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT</u>**

Plaintiff Andre Hendrix ("Plaintiff") sued Defendant Equifax, Inc. ("Equifax") for damages for violations of the federal Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that he disputed the accuracy of information in his credit report and Equifax failed to conduct a reasonable investigation in response to his dispute. Plaintiff now seeks default judgment against Equifax, claiming Equifax is default of answer. Default judgment is not appropriate for two reasons: first, Plaintiff failed to serve Equifax in a manner authorized by Ohio law, because the address at which service was made is not an address used by Equifax, and thus service was not reasonably calculated to reach the interested party; and second, Equifax is not a credit reporting agency subject to the FCRA, so there is no legal basis for liability against Equifax. The Court should deny Plaintiff's motion.

**FACTUAL BACKGROUND.**

Plaintiff filed the Complaint on May 29, 2026, alleging that Equifax failed to conduct a reasonable investigation into disputed accounts and failed to correct information on his credit report, in violation of the FCRA. The summons identified the intended recipient only as "EQUIFAX INC." and directed service at "PO BOX 105139, ATLANTA GA 30348-0000." The

certified-mail record states that an item was delivered in Atlanta, Georgia on June 8, 2026, but it does not identify the person who accepted delivery or show that the mailing reached an Equifax officer, managing agent, statutory agent, business office, or litigation department.

The address to which the summons was delivered – P.O. Box 105139, Atlanta, Georgia 30348 ("P.O. Box Address") – is not Equifax's registered office, the address of its statutory agent, a physical Equifax corporate office, or a location where Equifax's officers or employees ordinarily conduct business, and is not used by Equifax. *See* Affidavit of Jessica Spurlock ("Spurlock Aff."), at ¶ 7-8 (attached as Exhibit A). Rather, the P.O. Box Address is used by a subsidiary of Equifax, Equifax Information Services LLC ("EIS"), for the receipt and processing of consumer correspondence and disputes. *Id.* at ¶ 6. Equifax and EIS are separate legal entities. *Id.* at ¶ 4. Neither Equifax's statutory agent nor its legal department received the summons and Complaint through that mailing. *Id.* at ¶ 9. Equifax first learned of this action after Plaintiff sought a default judgment, and promptly appeared to defend. *Id.*

In addition, Equifax is a holding company. Its subsidiary, EIS, is the operating entity that conducts consumer credit-reporting operations, including the processing of consumer disputes and reinvestigations. *Id.* at ¶¶ 4-5. Equifax does not conduct the consumer credit reporting, dispute processing, or reinvestigation activities. EIS is the operating subsidiary that performs those functions and is the proper party to claims arising from them, not Equifax.

## <u>DISCUSSION AND LAW</u>.

"Default judgments are not favored in the law; cases should be decided on their merits rather than on technical grounds." *Heard v. Dubose*, 2007-Ohio-551, ¶ 19 (1st Dist.). The Court deny Plaintiff's motion.

### A. Default Judgment Is Inappropriate Because Service of Process Was Not Reasonably Calculated To Reach Equifax.

Proper service of process is needed before a court can render a valid default judgment against a party. *Westmoreland v. Valley Homes Mut. Hous. Corp.*, 42 Ohio St. 2d 291, 293-94 (1975). A default judgment rendered by a court without proper service on the parties is void.

Rule 4.2 of the Ohio Rules of Civil Procedure governs service of process. For corporations and unincorporated associations, service is proper if made at one of the corporation's or association's usual places of business, or on an officer or managing or general agent of the entity. *See* Ohio R. Civ. P. 4.2(f), (i). The key inquiry is whether service of process was reasonably calculated to reach the interested party. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St. 3d 193, 203 (1980). The sufficiency of service of process is a matter in the Court's sound discretion, but "[t]he basic position of Ohio law is that cases should be decided on their merits whenever possible." *Perotti v. Ferguson*, 7 Ohio St. 3d 1, 3 (1983).

Service of process was not reasonably calculated to reach Equifax. Ohio Civ.R. 4.2(F) identifies the permissible ways to serve a corporation. A plaintiff may serve: (1) an agent authorized by appointment or law to receive service; (2) the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or (3) an officer or managing or general agent of the corporation. Plaintiff did none of those things. He did not direct service to Equifax's statutory agent or any identified officer or managing agent. A post-office box used by a separate subsidiary to receive consumer correspondence is not, merely by virtue of that function, a "usual place of business" of the parent corporation named as the defendant under Civ.R. 4.2(F).

The P.O. Box Address is not an operating location of Equifax; it is a consumer-correspondence address used by EIS. No Equifax officer or employee works at P.O. Box

Address. The summons was not directed to an Equifax officer, owner, manager, statutory agent, or other person authorized to accept service for Equifax, nor does this action arise from an event occurring at P.O. Box Address. The mailing therefore does not satisfy any method of corporate service permitted by Civil Rule 4.2(F).

Without proper service, the Court has not secured personal jurisdiction over Equifax and thus cannot enter default judgment. "A default judgment rendered without effective service of process is a nullity and void for lack of personal jurisdiction." *One Main Fin. Group, L.L.C. v. Knight*, 2026-Ohio-1660, ¶ 28, 2026 WL 1256644 (8th Dist.), quoting *Shiftmed, L.L.C. v. Westchester Parkway Consulting, L.L.C.*, 2025-Ohio-1554, ¶ 21, 2025 WL 1261277 (8th Dist.). Once service is challenged with evidentiary-quality information, Plaintiff bears the burden of establishing proper service. *One Main* at ¶¶ 24, 28; *Shiftmed* at ¶ 23. Plaintiff cannot satisfy that burden merely by showing delivery to a subsidiary's post-office box that does not qualify as a usual place of business of the named parent corporation under Civ.R. 4.2(F). The Court should not enter default judgment in these circumstances.

### B. Default Judgment Is Unavailable Because Equifax Is Not a Consumer Reporting Agency Subject To The FCRA.

Default judgment is not proper against Equifax for another reason: Plaintiff cannot obtain a default judgment against Equifax based on the allegations the Complaint. Courts across the country have recognized that only consumer reporting agencies are subject to the FCRA, and Equifax is not a consumer reporting agency. *See, e.g., Greear v. Equifax, Inc.*, 2014 WL 1378777, *1 (E.D. Mich. Apr. 8, 2014) ("[T]he court finds that Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA. Plaintiff cannot, as a matter of law, state a claim against Equifax, Inc., under the FCRA."); *Channing v. Equifax, Inc.*, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013) (Equifax, Inc., is not a consumer reporting agency

and not subject to the FCRA); *Ransom v. Equifax, Inc.*, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (Equifax, Inc., as a matter of law is not a consumer reporting agency and is not liable under the FCRA); *Slice v. Choicedata Consumer Servs., Inc.*, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005) (Equifax, Inc., is not a consumer reporting agency and thus cannot violate the FCRA).

Plaintiff's complaint alleges that Equifax failed to conduct a reasonable investigation into disputed accounts and failed to correct information on his credit report, in violation of the FCRA. But the FCRA limits liability to consumer reporting agencies, and Plaintiff's complaint does not even allege that Equifax is a consumer reporting agency. There is no basis for default judgment against Equifax in these circumstances.

## CONCLUSION

Default judgments are disfavored because Ohio courts prefer to resolve cases on their merits. *See Suki v. Blume*, 9 Ohio App.3d 289, 290 (8th Dist.1983). Equifax did not disregard this action; the summons was sent to an EIS consumer correspondence post office box and did not reach Equifax's statutory agent or appropriate litigation channels. After learning of the action, Equifax promptly retained counsel and appeared. There is no basis to bypass a merits determination through default–particularly where the service was defective, and the Complaint was not properly pleaded, and the named defendant is not liable under the FCRA.

For these reasons, Equifax respectfully requests that the Court deny Plaintiff's Motion for Default Judgment.

Respectfully submitted,

/s/ David A. Wallace

David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendant
Equifax, Inc.



Electronically Filed 09/08/2026 14:42 / OTHER / CV 26 139692 / Confirmation Nbr. 3971687 / CLEV1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by First Class, U.S. Mail, on September 8, 2026, upon:

Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112

/s/ David A. Wallace
One of the Attorneys for Defendant
Equifax, Inc.

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| ANDRE HENDRIX, | : | |
| | : | |
| Plaintiff, | : | CASE NO. CV-26-139692 |
| vs. | : | |
| | : | JUDGE BRENDAN J. SHEEHAN |
| EQUIFAX INC., | : | |
| | : | |
| Defendant. | : | |

**AFFIDAVIT OF JESSICA SPURLOCK**

I, Jessica Spurlock, having been duly sworn, state as follows:

1. I am over the age of 18, have personal knowledge of the matters stated in this affidavit, and if sworn as a witness, can testify competently to the matters stated in this affidavit.

2. I am employed as a Senior Litigation Project Manager with Equifax, Inc. ("Equifax"). As a Senior Litigation Project Manager, one of my responsibilities includes the review and investigation of service of process of legal documents to determine whether, when, and how service of process was perfected. I have general knowledge of the corporate structure of Equifax Information Services, LLC ("EIS") and Equifax, and EIS's consumer credit-reporting operations. I have reviewed the appropriate records maintained in the ordinary course of EIS's business. I am authorized to sign this affidavit on behalf of EIS and Equifax.

3. The information stated in this Affidavit and referenced below is based on or can be found in the records maintained by EIS and/or Equifax.

4. Equifax and EIS are separate legal entities. Equifax is the holding corporation, and the parent of EIS, and EIS is an operating subsidiary.

EXHIBIT
A

Electronically Filed 09/08/2026 14:42 / OTHER / CV 26 139692 / Confirmation Nbr. 3971687 / CLEV1

5. EIS conducts consumer credit-reporting operations, including preparing and maintaining consumer credit files and reports, receiving and processing consumer disputes, conducting reinvestigations, and communicating the results of those reinvestigations. Equifax does not conduct consumer credit reporting, dispute-processing, or reinvestigation functions.

6. I have reviewed the service of process filings for the Complaint brought by plaintiff Andre Hendrix against Equifax. The service address, P.O. Box 105139, Atlanta, Georgia 30348 (the "P.O. Box Address") is a postal address used by EIS for the receipt of consumer-related correspondence, including consumer disputes and other communications concerning consumer credit files. Equifax does not use this address, and it is not an address used by Equifax to receive service of process.

7. The P.O. Box Address is also not a physical office of Equifax. No Equifax officer, managing or general agent, legal department employee, or other Equifax employee maintains an office or ordinarily conducts business at the P.O. Box Address itself.

8. The P.O. Box Address is not the address of Equifax's registered office or statutory agent. Equifax has not designated the P.O. Box Address as an address for service of summonses, complaints, or other legal process.

9. Based on my review of records, neither Equifax's statutory agent nor its legal department received the summons and Complaint in this action a result of the June 8, 2026 certified-mail delivery to P.O. Box Address. Equifax first learned of this action after Plaintiff sought a default judgment, and promptly retained counsel to appear in and defend the case.



Electronically Filed 09/08/2026 14:42 / OTHER / CV 26 139692 / Confirmation Nbr. 3971687 / CLEV1

FURTHER AFFIANT SAYETH NAUGHT.

STATE OF GEORGIA :
: ss.
COUNTY OF FULTON :

Sworn to before me and subscribed in my presence this 8th day of September, 2026.

Janise Jordan

JANISE JORDAN
MY COMMISSION EXPIRES
NOTARY PUBLIC
JUNE 23, 2029
FULTON COUNTY, GEORGIA

Electronically Filed 09/08/2026 14:42 / OTHER / CV 26 139692 / Confirmation Nbr. 3971687 / CLEV1

220983033

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

DEFENDANT EQUIFAX INC. HAS OPPOSED PLAINTIFF'S MOTION FOR DEFAULT BASED ON FAILURE OF SERVICE AND FAILURE TO STATE A CLAIMS FOR RELIEF. PLAINTIFF'S MOTION IS DENIED FOR LACK OF SERVICE. DEFENDANT'S ARGUMENT, BASED UPON FEDERAL CASE LAW PRECEDENT THAT PLAINTIFF IS NOT SUBJECT TO FCRA, IS CONSTRUED BY THIS COURT AS A MOTION UNDER CIV.R.12(B)(6). PLAINTIFF IS GRANTED 14 DAYS FROM THE DATE OF THIS ENTRY WITHIN WHICH TO FILE HIS OPPOSITION.

Judge Signature 09/11/2026

09/10/2026

RECEIVED FOR FILING
09/11/2026 09:30:11
NAILAH K. BYRD, CLERK

COUNTY OF CUYAHOGA OHIO

Common Pleas Court of Cuyahoga County, Ohio
**Nailah K. Byrd, Clerk of Courts**

## INSTRUCTIONS FOR SERVICE

Andre: Hendrix
Plaintiff(s)

Case Number CV-26-139692

Judge: Brendan J. SHEEHAN

Vs.
EQUIFAX INC.
Defendants(s)

Date: Sept 15, 2026

Method of Service Requested:

Certified Mail Service ☑ Ordinary Mail Service ☐

Personal Service by the Sheriff of ________ County ___

Residence Service by the Sheriff of ________ County ___

Personal Service By Process Server ____

Residence Service by Process Server ____

Civ.R. 4.7 Waiver Requested ____

FILED
2026 SEP 15 P 2:40
CLERK OF COURTS
CUYAHOGA COUNTY

Name(s) and Address(es) of Parties to Serve:

EQUIFAX Information Services LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court Suite 400
Peachtree Corners, Georgia 30092

Additional Instructions:

Equifax inc.
P.O. Box ~~30348-5139~~ P.O. BOX 105139
Atlanta Georgia 30348-5139

Filing Party Name: Andre, Hendrix Supreme Court ID if applicable: ______

Phone Number: 216 214 6599

*For Use by Sheriff or Process Server Only*

CV26139692 221293604

Number of Service Attempts: ________________

Address for Service if Different from address included above: ____________

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

ANDRE HENDRIX,
1738 Noble Road
Cleveland, Ohio 44112,

Plaintiff,

v.

EQUIFAX INC., et al.,

Defendants.

CASE NO. CV-26-139692

JUDGE BRENDAN J. SHEEHAN

PRAECIPE FOR SERVICE OF SUMMONS ON NEWLY ADDED DEFENDANT

**PLAINTIFF'S PRAECIPE FOR ISSUANCE OF SUMMONS AND INSTRUCTIONS FOR SERVICE ON DEFENDANT EQUIFAX INFORMATION SERVICES LLC**

**TO THE CLERK OF COURTS:**

Plaintiff Andre Hendrix, proceeding pro se, respectfully requests that the Clerk of Courts issue a summons, together with a copy of the First Amended Complaint filed contemporaneously herewith, to newly added Defendant Equifax Information Services LLC ("EIS"), and serve the same by certified mail, return receipt requested, pursuant to Civ.R. 4.1(A), addressed to EIS's statutory registered agent for service of process as follows:

Equifax Information Services LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

This registered-agent address is confirmed by the official business records of the Georgia Secretary of State (Business ID 82084).

Defendant Equifax Inc. has already appeared in this action through counsel of record, and Plaintiff will separately serve a copy of the First Amended Complaint on that counsel by U.S. Mail and/or electronic mail as reflected in the Certificate of Service accompanying the First Amended Complaint. This Praecipe pertains solely to service of the newly added Defendant, EIS, which has not previously appeared and has not previously been served in this action.

Respectfully submitted,

/s/ Andre Hendrix
Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112
(216) 214-6599
adh093@gmail.com
*Plaintiff, Pro Se*

FILED
2026 SEP 15 P 2: 24
CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

FILED
2026 SEP 15 P 2:23
CLERK OF COURTS
CUYAHOGA COUNTY

ANDRE HENDRIX,
1738 Noble Road
Cleveland, Ohio 44112,
Plaintiff,
v.
EQUIFAX INC.,
P.O. Box 105139
Atlanta, Georgia 30348,
Defendant.

CASE NO. CV-26-139692
JUDGE BRENDAN J. SHEEHAN
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER CIV.R. 12(B)(6)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER CIV.R. 12(B)(6)**

## I. INTRODUCTION

On September 11, 2026, this Court denied Defendant Equifax Inc.'s ("Equifax") request to escape default judgment for lack of proper service, but construed a separate argument raised in Equifax's Memorandum in Opposition to Plaintiff's Motion for Default Judgment — that Equifax is not a "consumer reporting agency" subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. — as a motion to dismiss under Civ.R. 12(B)(6). The Court granted Plaintiff Andre Hendrix, who proceeds pro se, fourteen days to respond. Plaintiff respectfully submits this memorandum in opposition and requests that the motion be denied.

Equifax's argument fails for three independent reasons. First, it rests entirely on matters outside the four corners of the Complaint — specifically, the Affidavit of Jessica Spurlock and the corporate history it recites — which Civ.R. 12(B) does not permit this Court to consider on a motion to dismiss without converting the motion to one for summary judgment under Civ.R. 56 and giving Plaintiff a reasonable opportunity to respond with his own evidence, which has not occurred. Second, taking the Complaint's well-pleaded factual allegations as true, as the Court must at this stage, Plaintiff has stated a plausible FCRA claim directly against "EQUIFAX INC." — the entity he named and served — and federal courts confronting Equifax's identical argument have repeatedly held that the question of Equifax's corporate status is a factual matter unsuited to resolution on the pleadings. Third, and in the alternative, should the Court be inclined to dismiss Equifax Inc. specifically, Plaintiff is entitled under Civ.R. 15(A) to amend his Complaint as a matter of course to add Equifax Information Services LLC ("EIS") as a defendant, which would preserve his claim without prejudice to any party.

For these reasons, and as set forth more fully below, the Court should deny the motion to dismiss.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 29, 2026, Plaintiff, proceeding pro se, filed his Complaint against Equifax Inc., alleging that he discovered fraudulent Nelnet/U.S. Department of Education student loan accounts on his credit file; that he disputed those accounts and provided evidence of identity theft; that "EQUIFAX INC. failed to conduct a thorough investigation as required under 15 U.S.C. § 1681i" and that, despite the evidence he provided, the disputed accounts "remained on the credit report without proper resolution"; that this inaction caused him actual damages, including denial of business and home loans, as well as emotional distress; and requesting compensatory damages, statutory per-infraction damages, punitive damages, and injunctive relief. (Compl. ¶¶ 1–9.)

Plaintiff requested service on Equifax by certified mail at P.O. Box 105139, Atlanta, Georgia 30348. The docket reflects that this mail was delivered by USPS on June 8, 2026, and processed by the Clerk of Courts on June 10, 2026. Equifax did not answer or otherwise appear. A case management conference proceeded on July 30, 2026 without any appearance by Equifax, and this Court set the matter for a default hearing.

On August 25, 2026, Plaintiff filed his Motion for Default Judgment. On September 8, 2026 — more than three months after service was completed, and only after Plaintiff moved for default — counsel for Equifax filed a Notice of Appearance and a Memorandum in Opposition to Plaintiff's Motion for Default Judgment. That memorandum argued (a) that service was improper because the P.O. Box used belongs to non-party Equifax Information Services LLC, and (b) that Equifax Inc. is a "holding company," not a "consumer reporting agency" subject to the FCRA, relying entirely on the Affidavit of Jessica Spurlock and four out-of-state federal decisions.

CV26139692 221294984

On September 11, 2026, this Court denied Plaintiff's motion for default for lack of service, but construed Equifax's second argument as a motion under Civ.R. 12(B)(6) and granted Plaintiff fourteen days — until September 25, 2026 — to respond. This memorandum timely follows.

## III. LAW AND ARGUMENT

***A. Standard of Review Under Civ.R. 12(B)(6)***

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not the merits of the underlying case. In ruling on such a motion, the court must presume all factual allegations in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. Dismissal is proper "only where it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." O'Brien v. Univ. Community Tenants Union, Inc., 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975); accord Strother v. Columbus, 2022-Ohio-4097, ¶ 12. Ohio remains a notice-pleading state; a complaint need only contain "a short and plain statement of the claim" giving the defendant fair notice. Civ.R. 8(A)

***B. Equifax's Motion Relies Entirely on Matters Outside the Complaint and Cannot Be Decided Under Civ.R. 12(B)(6)***

Civ.R. 12(B) is explicit: "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. . . . All parties shall be given reasonable opportunity to present all material pertinent to such a motion under Rule 56." Ohio courts enforce this rule strictly: a court "cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss." Jefferson v. Bunting, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 11 (citing State ex rel. Fuqua v. Alexander, 79 Ohio St.3d 206, 207 (1997)); see also Pond v. E & E Towing & Recovery, L.L.C., 2024-Ohio-800, ¶ 17. Where a trial court considers extrinsic material without converting the motion to one for summary judgment, reversal is required. Williams v. MJS Ents., Ltd., 2022-Ohio-3695 (reversing dismissal where the trial court considered matters outside the complaint without converting the motion); Admin Net Tech, LLC v. Bleggi, 2022-Ohio-1566 (same).

Equifax's argument that it is a "holding company" that does not itself conduct credit reporting or reinvestigations finds no support within the four corners of Plaintiff's Complaint. It rests entirely on the Affidavit of Jessica Spurlock and the corporate narrative it supplies — evidence outside the pleading that this Court may not consider on a motion styled, or construed, under Civ.R. 12(B)(6). Because the Court has not converted Equifax's motion to one for summary judgment, and Plaintiff — who has had no discovery in this case — has not been given a "reasonable opportunity to present all material pertinent" to such a motion as Rule 56 requires, the Court should decline to consider the Spurlock Affidavit and should resolve the motion on the face of the Complaint alone.

***C. On the Face of the Complaint, Plaintiff Has Stated a Plausible FCRA Claim Against Equifax Inc.***

Taking the Complaint's allegations as true, as the Court must, Plaintiff alleges that he discovered fraudulent accounts on his credit file; that he disputed those accounts and supplied evidence of identity theft; that "EQUIFAX INC. failed to conduct a thorough investigation as required under 15 U.S.C. § 1681i" and that the disputed accounts nonetheless "remained on the credit report without proper resolution"; and that this inaction caused him concrete financial and emotional harm. (Compl. ¶¶ 2–4, 6–7.) These allegations track the elements of a claim under 15 U.S.C. § 1681i, which requires a consumer reporting agency, upon receiving notice of a dispute, to conduct a reasonable reinvestigation of the disputed information. Plaintiff named the entity he understood to be responsible for that failure — "EQUIFAX INC." — exactly as the Complaint alleges it engaged in the conduct at issue. Nothing more is required to survive a motion to dismiss.

Whether it was, in fact, Equifax Inc. or its wholly owned subsidiary Equifax Information Services LLC that physically processed Plaintiff's dispute is a question of internal corporate operation and fact that Plaintiff — who has had no discovery in this case — cannot be expected to resolve in his Complaint, and that this Court cannot resolve without evidence properly before it under Civ.R. 56.

***D. Federal Courts Confronting Equifax's Identical Argument Have Repeatedly Refused to Dismiss Equifax Inc. at the Pleading Stage***

Equifax is not a stranger to this argument, and courts that have actually examined it — at the motion-to-dismiss stage, rather than after a developed factual record — have rejected it. In Hampton v. Barclays Bank Delaware, No. 18-4071-DDC-ADM, slip op. at *3–4 (D. Kan. Sept. 9, 2019) (Crabtree, J.), the court denied a nearly identical motion by Equifax, brought on the argument that it is not a "consumer reporting agency" under 15 U.S.C. § 1681a(f). The court observed that Equifax's own authority — the same four decisions Equifax cites in its brief to this Court: Greear v. Equifax, Inc., No. 13-cv-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014); Channing v. Equifax, Inc., No. 5:11-cv-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013); Ransom v. Equifax Inc., No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010); and Slice v. Choicedata Consumer Servs., Inc., No. 3:04-cv-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) — were all "decided on summary judgment

— not on a motion to dismiss," where Equifax had submitted sworn declarations establishing its corporate structure. Because "[t]he court must accept as true plaintiff's allegation that Equifax is a CRA on a motion to dismiss," the court held it "cannot dismiss Equifax simply based on its argument that it is not a proper party." Id. The Hampton court relied on Hinkle v. Experian Info. Solutions, Inc., No. 1:18-cv-00007-MR-DLH (W.D.N.C. Sept. 5, 2018) (Mem. & Recommendation), which likewise declined to dismiss Equifax Inc. because resolving its consumer-reporting-agency status "would require the Court to make findings of fact . . . not appropriate at this stage of the litigation."

The same reasoning applies with full force here. Every case Equifax cites in its brief to this Court — Greear, Channing, Ransom, and Slice — was decided on summary judgment, after the defendant submitted sworn declarations and the plaintiff had the opportunity to test them, not on the pleadings. None of them holds, or could hold, that a complaint alleging Equifax Inc.'s FCRA violations fails to state a claim as a matter of law. Equifax has offered this Court no case in which a plaintiff opposing dismissal — as Plaintiff does here — has had his claims against Equifax Inc. dismissed under Civ.R. 12(B)(6), or its federal analog, on a corporate-structure argument alone.

***E. Plaintiff's Allegations Regarding a Unified Equifax Enterprise Present, at Most, a Disputed Question of Fact for Discovery***

Even setting aside the procedural defect described above, courts have recognized that plaintiffs may plausibly allege that Equifax Inc. and its subsidiary operate as a single, unified enterprise for FCRA purposes — with management, control, and consumer-facing conduct blurring the corporate line Equifax now asks this Court to draw as a matter of law. See Hinkle v. Experian Info. Solutions, Inc., No. 1:18-cv-00007-MR-DLH (W.D.N.C. Sept. 5, 2018) (declining to resolve, on a motion to dismiss, allegations that Equifax Inc. and EIS "operated as alter egos of one another" and that "management decisions at EIS were made by and through Equifax, Inc."). Whether Equifax Inc. exercised the kind of control over EIS's credit-reporting and dispute-handling functions that would make it directly liable, or liable as EIS's alter ego, is precisely the kind of fact question that discovery — not a motion to dismiss — is designed to resolve.

***F. In the Alternative, Plaintiff Is Entitled to Amend His Complaint to Add Equifax Information Services LLC***

Should the Court nonetheless conclude that Equifax Inc. is not the proper defendant, dismissal of Plaintiff's claims in their entirety would still not be the appropriate remedy. Civ.R. 15(A) provides that "[a] party may amend its pleading once as a matter of course . . . twenty-eight days after service of a . . . motion under Civ.R. 12(B)." Equifax's memorandum was filed on September 8, 2026 and construed as a Civ.R. 12(B) motion by this Court's September 11, 2026 journal entry; Plaintiff is accordingly entitled, as a matter of course and without leave of Court, to amend his Complaint to name Equifax Information Services LLC as an additional or alternative defendant. See Strother v. Columbus, 2022-Ohio-4097, ¶ 10 ("A plaintiff may amend its complaint as a matter of course within 28 days after service of a motion to dismiss."). Plaintiff respectfully requests that, to the extent the Court is inclined to dismiss Equifax Inc. on the present record, it do so only after affording Plaintiff the opportunity Civ.R. 15(A) already guarantees him, rather than dismissing this action outright. No party would be prejudiced: no discovery has occurred, no dispositive ruling has issued, and EIS's registered agent for service of process is a matter of public record.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff Andre Hendrix respectfully requests that this Court deny Defendant's motion to dismiss construed under Civ.R. 12(B)(6). In the alternative, should the Court be inclined to grant the motion as to Equifax Inc., Plaintiff respectfully requests leave to amend his Complaint under Civ.R. 15(A) to add Equifax Information Services LLC as a defendant, so that this action may proceed on the merits.

Respectfully submitted,

/s/ Andre Hendrix
Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112
(216) 214-6599
adh093@gmail.com
*Plaintiff, Pro Se*

without prejudice

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Under Civ.R. 12(B)(6) was served upon the following counsel of record via U.S. Mail and/or electronic mail, this 15th day of September, 2026:

David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
wallace@carpenterlipps.com; ibom@carpenterlipps.com
*Attorneys for Defendant Equifax Inc.*

/s/ Andre Hendrix
Andre Hendrix

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX,
1738 Noble Road
Cleveland, Ohio 44112,
Plaintiff,
v.
EQUIFAX INC.,
P.O. Box 105139
Atlanta, Georgia 30348-5139,
Serve also:
EQUIFAX INFORMATION SERVICES LLC,
c/o Corporation Service Company
Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092,
Defendants

CASE NO. CV-26-139692
JUDGE BRENDAN J. SHEEHAN
FIRST AMENDED COMPLAINT

JURY TRIAL DEMANDED

CV26139692 22125228

FILED
2026 SEP 15 P
CLERK OF COURTS
CUYAHOGA COUNTY

## FIRST AMENDED COMPLAINT
## (JURY TRIAL DEMANDED)

Plaintiff Andre Hendrix, proceeding pro se, for his First Amended Complaint against Defendants Equifax Inc. ("Equifax") and Equifax Information Services LLC ("EIS") (collectively, "Defendants"), states as follows. This First Amended Complaint is filed as a matter of course under Civ.R. 15(A) to add EIS as a defendant and does not abandon or narrow any claim, allegation, or request for relief asserted in the original Complaint filed May 29, 2026.

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Andre Hendrix is a natural person and a resident of 1738 Noble Road, Cleveland, Ohio 44112, and is a "consumer" as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

2. Defendant Equifax Inc. is a corporation that, upon information and belief, regularly conducts business in the State of Ohio, including the assembly and furnishing of consumer credit reports, and may be served at P.O. Box 105139, Atlanta, Georgia 30348-5139.

3. Defendant Equifax Information Services LLC is a limited liability company organized under the laws of the State of Georgia, registered with the Georgia Secretary of State (Business ID 82084), with a registered agent for service of process of Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, and a principal office at 1550 Peachtree Street NW, Atlanta, Georgia 30309 — the same address at which Equifax Inc. maintains its corporate headquarters. Upon information and belief, EIS is the operating subsidiary through which the Equifax enterprise assembles, maintains, and furnishes consumer credit reports and information, and is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

4. Upon information and belief, Equifax Inc. and EIS operate as a single, unified enterprise with respect to the consumer credit-reporting functions at issue in this action: EIS operates as a wholly owned operating subsidiary of Equifax Inc., the two entities share common corporate officers, management, address, and infrastructure, and decisions regarding consumer disputes, reinvestigations, and credit-file maintenance are made by and through personnel common to both entities. Plaintiff alleges, in the alternative, that Equifax Inc. and EIS are alter egos of one another with respect to the conduct described herein, and that each is liable for the acts of the other.

5. This Court has jurisdiction over the subject matter of this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which does not vest exclusive jurisdiction in the federal courts, and Ohio courts of general jurisdiction may hear FCRA claims. Venue is proper in this county because the events and omissions giving rise to Plaintiff's claims — including Plaintiff's residence, his receipt and review of the disputed credit file, and the harm alleged — occurred here.

**II. FACTUAL BACKGROUND**

6. Plaintiff discovered fraudulent student loan accounts furnished by Nelnet, on behalf of the U.S. Department of Education, appearing on his consumer credit file. These accounts did not belong to Plaintiff and resulted from identity theft.

7. Plaintiff disputed the fraudulent Nelnet accounts with TransUnion and, upon information and belief, with Equifax and/or EIS, providing evidence substantiating his claim of identity theft and requesting a proper reinvestigation of the disputed information.

8. Upon receiving notice of Plaintiff's dispute, Equifax and/or EIS failed to conduct a reasonable reinvestigation of the disputed accounts as required by 15 U.S.C. § 1681i. Despite the evidence Plaintiff provided, the disputed, fraudulent accounts remained on his consumer credit report without proper resolution or correction.

9. Following the inadequate reinvestigation described above, creditors continued to re-report the disputed, fraudulent accounts to Plaintiff's credit file without adhering to their obligations under the FCRA, further compounding the inaccuracy of Plaintiff's credit report and violating 15 U.S.C. § 1681s-2.

10. As a direct and proximate result of Defendants' conduct described above, Plaintiff was denied or otherwise unable to obtain business loans and a home property loan he attempted to secure, because his credit score and credit report reflected the unresolved, fraudulent accounts.

11. As a further direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, including frustration and stress arising from the damage to his credit score, his repeated and unsuccessful efforts to

obtain credit and loans, and the time, postage, and expense of repeatedly communicating with Equifax and/or EIS in an effort to resolve the dispute.

## III. CAUSES OF ACTION

***COUNT I — Violation of 15 U.S.C. § 1681i (Failure to Conduct a Reasonable Reinvestigation)***

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 above.

13. Equifax and/or EIS is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

14. Upon receiving notice, directly or through a reseller or another consumer reporting agency, of Plaintiff's dispute as to the completeness or accuracy of the Nelnet accounts, Equifax and/or EIS was obligated under 15 U.S.C. § 1681i(a)(1) to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

15. Equifax and/or EIS failed to conduct a reasonable reinvestigation of Plaintiff's dispute, and failed to correct or delete the disputed, fraudulent accounts despite the evidence of identity theft Plaintiff provided, in violation of 15 U.S.C. § 1681i.

16. Plaintiff pleads this Count against Equifax Inc. and EIS jointly and severally, or, in the alternative, against whichever of the two entities the evidence shows performed, controlled, or was responsible for the credit-reporting and reinvestigation functions described herein.

***COUNT II — Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy (15 U.S.C. § 1681e(b))***

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 above.

18. Equifax and/or EIS failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b), by continuing to report and re-report the disputed Nelnet accounts after being placed on notice that they resulted from identity theft.

19. Plaintiff pleads this Count against Equifax Inc. and EIS jointly and severally, or, in the alternative, against whichever entity is shown to be responsible.

***COUNT III — Willful and/or Negligent Noncompliance (15 U.S.C. §§ 1681n, 1681o)***

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 above.

21. Defendants' conduct described above constitutes, at minimum, negligent noncompliance with the FCRA under 15 U.S.C. § 1681o, and, upon information and belief regarding Defendants' knowledge of Plaintiff's repeated disputes and evidence of identity theft, willful noncompliance under 15 U.S.C. § 1681n, entitling Plaintiff to actual, statutory, and punitive damages, as well as costs and reasonable attorney's fees (to the extent incurred).

## IV. DAMAGES

22. As a direct and proximate result of Defendants' violations of the FCRA described above, Plaintiff has suffered actual damages in an amount of not less than $35,000.00, including but not limited to denial of business financing and a home property loan, damage to his credit score and creditworthiness, and emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andre Hendrix respectfully requests that this Court enter judgment against Defendants Equifax Inc. and Equifax Information Services LLC, jointly and severally, or in the alternative against whichever Defendant the evidence shows is responsible, as follows:

A. Actual damages in the amount of $35,000.00, including but not limited to denied business financing and a home property loan attributable to Defendants' conduct;

B. Compensatory damages in the amount of $10,000.00;

C. Statutory damages of $1,000.00 per infraction reflected on Plaintiff's credit report;

D. Punitive damages in the amount of $50,000.00 for lost income from loans and property Plaintiff was unable to secure as a result of Defendants' conduct regarding the Nelnet accounts;

E. A permanent injunction requiring Defendants to correct the inaccuracies on Plaintiff's credit report and prohibiting Defendants from permitting any company to add information to Plaintiff's credit report without Plaintiff's consent;

F. Costs of this action; and

G. Such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
/s/ Andre Hendrix

Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112
(216) 214-6599
adh093@gmail.com
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing First Amended Complaint was served upon the following counsel of record for Defendant Equifax Inc. via U.S. Mail and/or electronic mail, this ___ day of __________, 2026:

David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
wallace@carpenterlipps.com; ibom@carpenterlipps.com
*Attorneys for Defendant Equifax Inc.*

I further certify that, because Equifax Information Services LLC is a newly named party that has not previously appeared in this action, a copy of this First Amended Complaint together with a new summons will be served on EIS separately by certified mail, return receipt requested, through the Clerk of Courts, addressed to its statutory registered agent for service of process:

Equifax Information Services LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

/s/ Andre Hendrix
Andre Hendrix

216189679

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

UPON THE REQUEST OF THE APPLICANT AND THE COURT'S REVIEW, THE COURT FINDS THAT THE APPLICANT IS AN INDIGENT LITIGANT UNDER R.C. 2323.311. IN ACCORDANCE AND FOR GOOD CAUSE, THE COURT HEREBY GRANTS A WAIVER OF PRE-PAYMENT OF COSTS OR FEES IN THIS MATTER. PURSUANT TO R.C. 2323.311(B)(4), THE CLERK IS HEREBY ORDERED TO WAIVE THE ADVANCE DEPOSIT OR SECURITY.

THIS RULING APPLIES ONLY TO -PREPAYMENT- OF COSTS OR FEES. PLAINTIFF MAY BE ASSESSED COSTS OR FEES AT THE CONCLUSION OF THE CASE DEPENDING ON THE CASE'S RESOLUTION.

Brendan J Sheehan

Judge Signature 06/30/2026

06/29/2026

RECEIVED FOR FILING
06/30/2026 14:03:10
NAILAH K. BYRD, CLERK

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

ANDRE HENDRIX,
1738 Noble Road
Cleveland, Ohio 44112,

Plaintiff,

v.

EQUIFAX INC., et al.,

Defendants.

CASE NO. CV-26-139692

JUDGE BRENDAN J. SHEEHAN

PRAECIPE FOR SERVICE OF SUMMONS ON NEWLY ADDED DEFENDANT

**PLAINTIFF'S PRAECIPE FOR ISSUANCE OF SUMMONS AND INSTRUCTIONS FOR SERVICE ON DEFENDANT EQUIFAX INFORMATION SERVICES LLC**

**TO THE CLERK OF COURTS:**

Plaintiff Andre Hendrix, proceeding pro se, respectfully requests that the Clerk of Courts issue a summons, together with a copy of the First Amended Complaint filed contemporaneously herewith, to newly added Defendant Equifax Information Services LLC ("EIS"), and serve the same by certified mail, return receipt requested, pursuant to Civ.R. 4.1(A), addressed to EIS's statutory registered agent for service of process as follows:

Equifax Information Services LLC
c/o Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

This registered-agent address is confirmed by the official business records of the Georgia Secretary of State (Business ID 82084).

Defendant Equifax Inc. has already appeared in this action through counsel of record, and Plaintiff will separately serve a copy of the First Amended Complaint on that counsel by U.S. Mail and/or electronic mail as reflected in the Certificate of Service accompanying the First Amended Complaint. This Praecipe pertains solely to service of the newly added Defendant, EIS, which has not previously appeared and has not previously been served in this action.

Respectfully submitted,

/s/ Andre Hendrix
Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112
(216) 214-6599
adh093@gmail.com
*Plaintiff, Pro Se*

FILED
2026 SEP 15 P 2: 24
CLERK OF COURTS
CUYAHOGA COUNTY

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

ANDRE HENDRIX
**Plaintiff**

**V.**

EQUIFAX INC
**Defendant**

**CASE NO.** CV26139692

**JUDGE** BRENDAN J SHEEHAN

## SUMMONS

SUMA CM

**Notice ID:** 62002423

From: ANDREI HENDRIX P1
1738 NOBLE RD.
CLEVELAND OH 44112-0000

Atty.: ANDREI HENDRIX
1738 NOBLE RD.
CLEVELAND, OH 44112-0000

To: EQUIFAX INC. D1
PO BOX 105139
ATLANTA GA 30348-0000

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Amended Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff for the relief requested in the **Amended Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.

COMMON PLEAS COURT * CUYAHOGA COUNTY OHIO *

**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 09/16/2026

**By**______________________
**Deputy**

CMSN130

UNITED STATES POSTAL SERVICE

Date Produced: 09/22/2026

The following is the delivery information for Certified Mail™/RRE item number 9214 8903 0179 8219 1787 46. Our records indicate that this item was delivered on 09/21/2026 at 01:05 p.m. in ATLANTA, GA 30348. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: C25000.1835659

CV26139692 / 62002423 / EQUIFAX INC. / 2026-9-25 05:28 Sent To: PO BOX 105139 ATLANTA, GA 303480000

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

ANDRE HENDRIX
**Plaintiff**

**V.**

EQUIFAX INC
**Defendant**

**CASE NO.** CV26139692

**JUDGE** BRENDAN J SHEEHAN

## SUMMONS

SUMA CM

**Notice ID:** 62002424

From: ANDREI HENDRIX P1
1738 NOBLE RD.
CLEVELAND OH 44112-0000

Atty.: ANDREI HENDRIX
1738 NOBLE RD.
CLEVELAND, OH 44112-0000

To: EQUIFAX INFORMATION SERVICES, LLC D2
C/O CORPORATION SERVICE COMPANY, RA
2 SUN COURT, SUITE 400
PEACHTREE CORNERS GA 30092-0000

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Amended Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff for the relief requested in the **Amended Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.

**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 09/16/2026

**By**____________________
**Deputy**

CMSN130

UNITED STATES
POSTAL SERVICE

Date Produced: 09/22/2026

The following is the delivery information for Certified Mail™/RRE item number 9214 8903 0179 8219 1787 53. Our records indicate that this item was delivered on 09/21/2026 at 09:50 a.m. in PEACHTREE CORNERS, GA 30092. The scanned image of the recipient information is provided below.

Signature of Recipient :




Address of Recipient :




Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: C25000.1835660

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

# Court of Common Pleas

**GENERAL PLEADING**
**September 22, 2026 11:40**

By: DAVID A. WALLACE 0031356

Confirmation Nbr. 3986546

ANDRE HENDRIX

vs.

EQUIFAX INC

CV 26 139692

**Judge:** BRENDAN J. SHEEHAN

**Pages Filed:** 7

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| ANDRE HENDRIX, | : | |
| | : | |
| Plaintiff, | : | CASE NO. CV-26-139692 |
| vs. | : | |
| | : | JUDGE BRENDAN J. SHEEHAN |
| EQUIFAX INC., | : | |
| | : | |
| Defendant. | : | |

**REPLY IN SUPPORT OF DEFENDANT EQUIFAX INC.'S**
**MOTION TO DISMISS UNDER CIV.R. 12(B)(6)**

Plaintiff Andre Hendrix ("Plaintiff") contends that whether Equifax, Inc. is a consumer reporting agency cannot be decided on the pleadings, and that this Court may not consider the Affidavit of Jessica Spurlock without converting the motion to one for summary judgment. Plaintiff is incorrect, because the weight of recent caselaw supports dismissal of Equifax, Inc. on the pleadings, and the Court need not consider the Spurlock Affidavit at all. The Court should dismiss Equifax, Inc.

## PROCEDURAL BACKGROUND

Hendrix's Complaint named Equifax Inc. as the sole defendant and Hendrix moved for default judgment after Equifax, Inc. did not answer. After Equifax Inc. became aware of the Complaint, it opposed the Motion for Default Judgment, arguing, among other things, that Equifax is not a "consumer reporting agency" subject to the FCRA. This Court denied the motion for default judgment for lack of service, but construed Equifax's argument in its Memorandum in Opposition—that Equifax is not a "consumer reporting agency" subject to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.—as a motion to dismiss under Rule 12(B)(6) and ordered plaintiff to file a response, In the response, Plaintiff does not dispute

that Equifax, Inc. is a holding company, or that its subsidiary, Equifax Information Services, LLC ("EIS"), is the operating entity that actually conducts consumer credit-reporting operations, including the processing of consumer disputes and reinvestigations. Instead, Plaintiff argues that the Court cannot dismiss Equifax, Inc. on the pleadings and must wait for summary judgment. This position is incorrect.

## LAW AND ARGUMENT

### A. The Court May Dismiss Equifax Inc. Based on the Pleadings.

This Court's Journal Entry construed Equifax, Inc.'s argument as "based upon federal case law precedent that [Equifax] is not subject to [the] FCRA." As such, the Court's order presents a purely legal question, not a request that the Court consider the facts in the Spurlock Affidavit. Plaintiff's Opposition thus incorrectly asserts that the motion rests "entirely" on the Affidavit, which was submitted to support Equifax, Inc.'s separate inadequate service-of-process argument, with which this Court agreed. The remaining question is whether Equifax Inc. can be dismissed on the pleadings alone because the complaint as drafted fails to state a claim against Equifax, Inc. as a matter of law.

Plaintiff's Complaint never alleges that Equifax Inc. "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties," 15 U.S.C. § 1681a(f), the statutory definition of a consumer reporting agency. Liability under the FCRA lies only against a consumer reporting agency. *See, e.g., Fleck v. Equifax Info. Servs., LLC*, No. 3:25-cv-01820-AN, 2026 WL 280626 at *1 (D. Or. Feb. 3, 2026) ("The Fair Credit Reporting Act ("FCRA") imposes duties on consumer reporting agencies ("CRAs"), furnishers of information to CRAs…"). Plaintiff's Complaint alleges only that Plaintiff disputed accounts "with TransUnion" (Compl. ¶ 2) and that

"EQUIFAX INC. failed to conduct a thorough investigation as required under 15 U.S.C. § 16811" (Compl. ¶ 3) and "EQUIFAX INC. failed to conduct a reasonable investigation," (Compl. ¶ 4). The Complaint thus fails to allege that Equifax Inc. is a consumer reporting agency, and only alleges a legal conclusion, couched as a factual allegation, that this Court need not accept. The Complaint should be dismissed on these grounds.

Further, contrary to Plaintiff's suggestion that the Court must wait until the summary judgment stage to determine whether Equifax Inc. is the proper defendant, courts have routinely granted motions to dismiss Equifax Inc. on the pleadings, including with prejudice. One federal court recently dismissed Equifax Inc. in circumstances virtually identical to those here. In *Fleck,* a pro se plaintiff sued both Equifax Inc. and its operating subsidiary, EIS. EIS answered the complaint while Equifax Inc. moved to dismiss under Rule 12(b)(6) on the ground that it is not a consumer reporting agency. *See id.* at *1. The court dismissed the claims against Equifax Inc., explaining that the complaint alleged EIS was a CRA but "does not similarly allege that Equifax, Inc. is a CRA," and that allegations of mere "supervisory authority" over a subsidiary, or "participat[ion] in prior settlement agreements," do not suffice. *Id.* at *2 (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).

Notably, *Fleck* did not rely on a summary judgment record as in cases like *Greear*, *Channing*, *Ransom*, or *Slice* (see plaintiff's opposition) to reach that result. Instead, the *Fleck* court expressly declined to take that approach, explaining that "[a]bsent the application of collateral estoppel, which Equifax, Inc. does not invoke, this Court cannot rely on those factual determinations to decide whether amendment is appropriate here." *Id.* The court instead looked solely to what the complaint itself alleged, finding it deficient. *See id.* Other courts have taken the same approach. *See Ball v. Equifax Inc.*, No. 2:23-cv-001817-GMN-DJA, 2024 WL

2093642 (D. Nev. May 8, 2024); *Poffenbarger v.* Equifax, Nos. 3:23-cv-00034-SLG & 3:23-cv-00049-SLG, 2023 WL 5724425 (D. Alaska Sept. 5, 2023).

The same analysis compels the same result here. Plaintiff's Complaint, like the complaint in *Fleck*, never alleges that Equifax Inc., the sole defendant, regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties. There are not even allegations of "supervisory authority." Dismissal is warranted on the face of the Complaint, without regard to the Spurlock Affidavit.

Plaintiff's Opposition treats *Greear*, *Channing*, *Ransom*, and *Slice* as relevant only because they were "decided on summary judgment," and argues that *Hampton v. Barclays Bank* Delaware, No. 18-4071-DDC-ADM (D. Kan. Sept. 9, 2019), and *Hinkle v. Experian Info. Sols., Inc.*, No. 1:18-cv-7, 2018 WL 4610656 (W.D.N.C. Sept. 5, 2018), establish that a court can never resolve Equifax's CRA status on a motion to dismiss. More recent, on-point authority shuts down that argument.

In *Ball v. Equifax Inc.*, the court granted Equifax's Rule 12(b)(6) motion–with prejudice–relying on the very same four decisions Equifax cites here, because "[o]ther courts have found, as a matter of law, that Equifax 'is not a consumer reporting agency subject to the requirements of the FCRA.'" *See Ball*, 2024 WL 2093642, at *1 (quoting *Greear*, 2014 WL 1378777, at *1). *Ball* did not require Equifax to submit its own affidavit or convert the motion to one for summary judgment; it dismissed on the pleadings, explaining that the plaintiff had "sued the wrong party" and "cannot state a claim against Equifax under the FCRA" as a matter of law. *Id.* at *1–*2*.

Similarly, in *Poffenbarger v. Equifax*, the court likewise granted Equifax's motion to dismiss under Rule 12(b)(6), holding that "[n]umerous courts that have considered the issue have



Electronically Filed 09/22/2026 11:40 / OTHER / CV 26 139692 / Confirmation Nbr. 3986546 / CLJSZ

found that Equifax, Inc., is not a CRA as a matter of law because it does not generate consumer reports; instead, Equifax, Inc., is a holding corporation," and that "Mr. Poffenbarger has sued the wrong party." 2023 WL 5724425, at *4 (citing *Greear, Channing, Ransom,* and *Slice*). The court dismissed the FCRA claims against Equifax Inc. with prejudice, while granting leave to amend to name the correct defendant. *Id.* Since a motion to dismiss presents a question of law, these cases are directly applicable and compel dismissal.

**B. Plaintiff Has Not Pleaded Any Unified-Enterprise or Alter-Ego Theory.**

Plaintiff's remaining argument is that Equifax Inc. and EIS may have "operate[d] as a single, unified enterprise," and relies entirely on *Hinkle*, where the complaint expressly alleged that Equifax Inc. and EIS "operate as alter egos of one another" and that "management decisions at EIS were made by and through Equifax, Inc." *Hinkle*, 2018 WL 4610656 at *1. Hendrix's Complaint contains no comparable allegation. The complaint does not mention EIS at all, let alone allege that Equifax Inc. worked together or that Equifax Inc. controlled EIS's credit-reporting or dispute-handling functions. This Court should "not supply additional facts," or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff cannot manufacture a fact question on a theory his Complaint never raises.

**C. Equifax Does Not Oppose Leave to Amend to Name the Proper Party.**

Consistent with the outcome in *Ball*, *Poffenbarger* and *Fleck*–each of which afforded the plaintiff an opportunity to amend to name the operating Equifax entity–Equifax Inc. does not oppose Plaintiff's request to amend his Complaint under Rule 15(A) to substitute EIS as a defendant. That request, however, is a reason to dismiss Plaintiff's claims against Equifax Inc. and allow him to pursue the proper defendant, not a reason to deny the pending motion. But

Plaintiff should not be allowed to keep Equifax Inc. as a defendant in any Amended Complaint for the reasons stated above.

**CONCLUSION.**

For these reasons, Equifax Inc. respectfully requests that the Court dismiss the claims against Equifax Inc.

Respectfully submitted,

/s/ David A. Wallace

David A. Wallace (0031356)
Tyler K. Ibom (0085928)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
wallace@carpenterlipps.com
ibom@carpenterlipps.com
Attorneys for Defendant
Equifax, Inc.



Electronically Filed 09/22/2026 11:40 / OTHER / CV 26 139692 / Confirmation Nbr. 3986546 / CLJSZ

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by First Class, U.S. Mail, on September 22, 2026, upon:

Andre Hendrix
1738 Noble Road
Cleveland, Ohio 44112

/s/ David A. Wallace
One of the Attorneys for Defendant
Equifax, Inc.



Electronically Filed 09/22/2026 11:40 / OTHER / CV 26 139692 / Confirmation Nbr. 3986546 / CLJSZ

221828420

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

89 DIS. W/PREJ - PARTIAL

OPINION AND JUDGMENT ENTRY. O.S.J.
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B). THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

Judge Signature Date

FILED
2026 SEP 24 P 2: 31
CLERK OF COURTS
CUYAHOGA COUNTY

\- 89
09/23/2026

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ANDRE HENDRIX, | ) | CASE NO. CV 26 139692 |
| | ) | |
| Plaintiff, | ) | JUDGE BRENDAN J. SHEEHAN |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX, INC., | ) | |
| | ) | **OPINION AND JUDGMENT** |
| | ) | **ENTRY** |
| Defendant. | ) | |
| | ) | |

## I. ISSUE PRESENTED.

This matter is before the Court on Defendant Equifax, Inc.'s argument that it is not a proper party to this action based upon well-established federal case law. The Court construes this argument as one brought pursuant to Civ.R. 12(B)(6). Plaintiff, appearing *pro se*, has responded that the Court may not dismiss his claims against Equifax, Inc. because certain issues of law are not within the four corners of the Complaint.

## II. LAW AND ANALSIS.

### A. Standard of Review.

A motion to dismiss brought pursuant to Civ.R. 12(B)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St. 2d 242 (1975), quoting Conley v. Gibson, 355 U.S. 41, 45 (1957). All factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Further, the court is confined to the allegations of the complaint. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144 (1991); *AAA American Const., Inc. v. Alpha Graphic*, 2005-Ohio-2822 (8th Dist.)

"While a complaint attacked by a * * * motion to dismiss does not need detailed factual allegations, the [plaintiffs'] obligation to provide the grounds for their entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Parsons v. Greater Cleveland Reg'l Transit Auth.*, 2010-Ohio-266 at ¶ 11 (8th Dist.), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory statements in a complaint not supported by facts are not afforded the presumption of veracity and are insufficient to withstand a motion to dismiss. *Id.*; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988). See also *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

B. Plaintiff's Claim against Equifax, Inc.

While Plaintiff is correct that the Court is confined to *factual* allegations contained within the Complaint and documents incorporated therein, the Court is not similarly confined to issues of law. Plaintiff filed his claim against Equifax, Inc. alleging violations of the Fair Credit Reporting Act ("FCRA") which applies to consumer reporting agencies. See 15 U.S.C. § 1681 *et seq*. The FCRA defines a consumer reporting agency as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C.A. § 1681a.

Numerous federal courts across the country have found, *as a matter of law*, that Equifax, Inc. "is not a consumer reporting agency subject to the requirements of the FCRA." *Ball v. Equifax Inc.*, 2024 U.S. Dist. LEXIS 84198, *2-3 (May 8, 2024); *Poffenbarger v. Equifax*, , 2023 U.S. Dist. LEXIS 156034, (D. Alaska Sept. 5, 2023); *Greear v. Equifax, Inc.*, 2014 U.S. Dist. LEXIS 48009, at *1 (E.D. Mich. Apr. 8, 2014); see also reports." *Slice v. Choicedata Consumer Servs..*, 2005 U.S. Dist. LEXIS 48318, at *3 (E.D. Tenn. Aug. 23, 2005); *Ransom v. Equifax, Inc.*, 2010 U.S. Dist. LEXIS 30886, at *1 (S.D. Fla. Mar.

30, 2010); *Channing v. Equifax, Inc.*, 2013 U.S. Dist. LEXIS 21421, at *2 (E.D.N.C. Feb. 15, 2013). Thus, it appears that Plaintiff has sued the wrong party, and Plaintiff cannot state a claim against Equifax, Inc. under the FCRA. Accordingly, Plaintiff's claim against Equifax, Inc. is DISMISSED. His claim in the Amended Complaint against Equifax Information Services, Inc. remains pending.

The Court must also note that, even though he is appearing *pro se*, Plaintiff is bound by the same rules as all counsel appearing before the Court including the duties imposed by Civ.R.11 to certify "that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Plaintiff is expected to independently research the merits of pleadings submitted to this Court, not merely use artificial intelligent to generate arguments that needlessly prolong litigation.

IT IS SO ORDERED.

Dated: 9/23/26

BRENDAN J. SHEEHAN

221910191

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANDRE HENDRIX
Plaintiff

EQUIFAX INC
Defendant

Case No: CV-26-139692

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

CMC BY PHONE SET FOR 12/03/2026 AT 09:00 AM
CMC BY PHONE RESET TO ALLOW PLAINTIFF ADDITIONAL TIME TO PERFECT SERVICE ON DEFENDANT.

PLAINTIFF TO INITIATE CALL PER PRIOR NOTICE.

CASE TO BE DISMISSED PURSUANT TO CIV.R.4(E) IF SERVICE IS NOT PERFECTED BY 11/29/2026.

Judge Signature 09/28/2026

09/24/2026

RECEIVED FOR FILING
09/28/2026 14:41:10
NAILAH K. BYRD, CLERK

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

CV26139692 222843621

**ANDRE HENDRIX,**
Plaintiff,

v.

**EQUIFAX, INC., et al.,**
Defendants.

Case No. CV-26-139692

Judge Brendan J. Sheehan

**PLAINTIFF'S NOTICE OF CONTINUED PROSECUTION OF CLAIMS AGAINST EQUIFAX INFORMATION SERVICES, INC.**

Plaintiff Andre Hendrix, appearing pro se, respectfully submits this Notice in response to the Court's September 23, 2026 Opinion and Judgment Entry.

1. Plaintiff acknowledges the Court's ruling dismissing the claims asserted against **Equifax, Inc.**
2. Plaintiff understands that the Court determined that Equifax, Inc. is not the proper defendant for Plaintiff's Fair Credit Reporting Act claims.
3. Plaintiff further understands that the Court expressly stated that **Plaintiff's claims against Equifax Information Services, Inc. remain pending.**
4. Plaintiff therefore intends to continue prosecuting the pending claims against **Equifax Information Services, Inc.**, including the claims arising from the alleged inaccurate reporting, investigation of disputed information, and other violations specifically pleaded in Plaintiff's Amended Complaint.
5. Plaintiff does not intend this filing to relitigate the Court's determination concerning Equifax, Inc. Plaintiff instead submits this Notice to clarify that the dismissal of Equifax, Inc. does **not** constitute dismissal of the pending claims against Equifax Information Services, Inc.
6. Plaintiff respectfully requests that the Court permit the remaining claims against Equifax Information Services, Inc. to proceed in accordance with the Ohio Rules of Civil Procedure and the Court's future scheduling orders.
7. Plaintiff reserves all rights and remedies available with respect to the claims that remain pending.

**WHEREFORE**, Plaintiff respectfully requests that the Court recognize that Plaintiff's claims against Equifax Information Services, Inc. remain pending and permit this matter to proceed accordingly.

Respectfully submitted,

**Andre Hendrix**
Plaintiff, Pro Se
c/o 1738 Noble RD
216-214-6599
adh093@gmail.com

FILED
2026 OCT -7 A 11: 35
CLERK OF COURTS
CUYAHOGA COUNTY